**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| )  | 2:08-CR-0126-RLH-PAL |
| Plaintiff,    ) | |
| )  | **O R D E R** |
| vs.    ) | (Motion to Amend Judgment–#142) |
| )  | |
| NAJEEB RAHMAN,    ) | |
| )  | |
| Defendant.    ) | |
| _____) | |

Before the Court is Defendant's Motion to Amend Judgment of Conviction Re: Time Served Credits (#142, filed December 6, 2010). The Government's response (#143) was filed December 22, 2010. The motion will be denied.

Defendant, who was serving time in a state prison when he was indicted in this case, claims he has a right to credit for 722 days while in custody of the U.S. Marshal prior to his sentencing in this case. He asks this Court to amend his judgment of conviction in this case to include the claimed right to time-served credits.

"Calculation of time served in a federal sentence is governed by 18 U.S.C. §3585(b)" *United States v. Lualemaga*, 280 F.3d 1260, 1265 (9th Cir. 2002) (affirming denial of motion for credit for time served). In *United States v. Wilson*, 503 U.S. 329, 333 (1992), the Supreme court held that a district court lacks the authority to calculate credit for time served in the first instance. The initial calculations must be made by the Attorney General acting through the Bureau of Prisons." *Id.* (citing *Wilson,* 503 U.S. at 335). A grant of credit in a district court judgment exceeds

the Court's authority, and would be stricken if imposed. *See United States v. Peters*, 4670 F.3d 907, 909 (9th Cir. 2006) ("However, the district court's grant of credit for the time Peters had served in custody pursuant to his arrest exceeded its authority, and we strike from the judgment the phrase 'with credit for time served from the defendant's arrest on August 9, 2006.'") (citations omitted).

Even if this Court construed Defendant's motion as a petition for habeas corpus, it is foreclosed from granting the requested relief by statutory authority. *See United States v. Newman*, 203 F.3d 700, 702 (9th Cir. 2000) (reversing district court's grant of credit for time spent in community treatment center).

The proper course for Defendant is through his administrative remedies with the Bureau of Prisons, rather than this motion.

IT IS THEREFORE ORDERED that

Defendant's Motion to Amend Judgment of conviction re: Time Served Credits (#142) is DENIED.

Dated: February 3, 2011.

_____
Roger L. Hunt
Chief United States District Judge