1

2

3

4

5 **UNITED STATES DISTRICT COURT**

6 **DISTRICT OF NEVADA**

7 * * *

8 UNITED STATES OF AMERICA,    )
                                   )

9              Plaintiff,    )           No. 2:08-CR-126-RLH-PAL
                                   )

10     vs.                     )          **O R D E R**
                                   )   (Request for Clarification–#189)

11 NAJEEB RAHMAN,           )

12             Defendant.    )
    _____)

13

14       Before the Court is yet another attempt by Defendant Rahman to obtain a credit for

15 time served for which he is not entitled.  This document is entitled, **Request for Clarification of**

16 **Facts and Order for Appropriate Sentence Credit** (#189, filed June 3, 2013).  The United States

17 filed its Response (#191) in opposition, but Rahman has not filed a timely reply.

18       His repeated attempts, and his appeals of these failed attempts, all appear to be based

19 upon the assumption that this Court must have intended his sentence to run concurrently with his state

20 sentence for a different charge.  That assumption is false.  This Court was not then, nor is it now, of

21 the opinion that the state and federal sentences should have run concurrently.

22       His argument on the law (See his Request, pages 10-13) citing 18 U.S.C. §3584 (a)

23 and (b), and Sentencing Guidelines Section 5G1.3 (a) and (b) is summarized by his statement on page

24 13, lines 15-21, which states, in pertinent part, that "Subsection (b) applies, when the instant offense

25 and the offense for which the undischarged term were imposed *relate to the same crime. . . .*" (my

26 emphasis).  Unfortunately, the evidence before the Court illustrates that they do not.  The crime for

which he was sentenced in the state court was Theft.  The crimes for which he was charged in federal court were Fraudulent Transactions with Access Devices Issued to Others, Aggravated Identity Theft, Wire Fraud, Bank Fraud, and Aiding and Abetting.

Perhaps recognizing the weakness of his arguments, Rahman adds an additional argument that he was promised, during plea negotiations, that the sentences would run concurrently, and that he would not have entered his plea of guilty had he known they would not have run concurrently, hinting at ineffectiveness of counsel and a failure to "knowingly" enter the guilty plea.

His argument in this regard contradicts his testimony, under oath, at the time of the change of plea, when the Court specifically asked him if the written plea agreement which he signed contained the substance of the plea agreement he entered into, to which he answered, "Yes."  The Court also asked him, while he was under oath, "If anyone has made any promises to you that are not contained in the plea agreement in order to induce you to plead guilty?"  His answer, again under oath, was, "No."

But the Court turns to the issue at hand.  While tempted to reiterate the detailed history of this case recounted by the United States in its Response, the Court will, instead, incorporate by reference, *in haec verba*, the United States' Response to Defendant's Request for Clarification (#191, filed July 12, 2013).  However, the following more brief summary is as follows:

Defendant is presently appearing *pro se*, but has previously had seven attorneys over the course of this case.

The original indictment was filed May 6, 2008.  There were eventually six counts charged through superseding indictments.

He pleaded guilty to Counts 1 and 2 on January 22, 2010.

He moved to withdraw his guilty plea on March 16, 2010 and for a new attorney. He was given a new attorney, but the motion to withdraw was denied.

Sentencing hearings on May 26 and June 4, 2010, resulted in a sentence of 72 months with restitution of $67,469.79.

2

1   On June 14, 2010, in violation of the appellate waiver in the plea agreement, he appealed.  On

2   May 13, 2011, the Ninth Circuit affirmed his conviction.

3   On December 7, 2011, Rahman filed a 28 U.S.C. §2255 motion, which was denied after

4   briefing.  A Certificate of Appealability was denied and the Circuit dismissed his appeal.

5   The Court acknowledges that his lament has consistently been that he has been denied

6   the proper calculation of credit for time served.  He has filed several motions seeking an order of this

7   Court to correct and/or accurately apply the time credits.  Those motions have been denied on the

8   grounds that the Department of Prisons and the Attorney General have exclusive authority to calculate

9   time credits and that before Rahman can seek review by this Court, he must exhaust his administra-

10  tive remedies, which he has failed to do.

11  "Federal prisoners are required to exhaust their federal administrative remedies prior to

12  bringing a petition for a writ of habeas corpus in federal court. . . . .  The Bureau of Prisons has

13  established an administrative remedy by which an inmate in a federal prison may seek review of any

14  aspect of imprisonment.  28 C.F.R. § 542.10 (1984)."  *Martinez v. Roberts,* 804 F.2d 570, 571 (9th

15  Cir. 1986).

16  These principles require Rahman to present BOP–*in the first instance*–with *all* the

17  arguments and factual assertions set forth in his present motion.  Many of his arguments here (such as

18  his "post-release credit" argument) and factual assertions (particularly, the state court judge's alleged

19  comments in April 2013) have never been reviewed by BOP–the administrative entity expressly

20  charged with responsibility for doing so.  Accordingly, Rahman has again failed to exhaust his

21  administrative remedies.

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

3

IT IS THEREFORE ORDERED that Defendant Rahman's **Request for Clarification of Facts and Order for Appropriate Sentence Credit** (#189) is denied, without prejudice.

Dated: July 24, 2013.

Roger L. Hunt
**United States District Judge**