**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | No. 2:08-CR-126-RLH-PAL |
| vs. | ) | **SUPPLEMENTAL O R D E R** |
| NAJEEB RAHMAN, | ) | (Re: Request for Clarification–#189) |
| Defendant. | ) | |

Defendant Rahman filed an untimely Reply (#193, filed July 25, 2013) to the Government's Response to his Request for Clarification. To permit full consideration of Defendant's arguments, the Court files this Supplemental Order to its original Order (#192, filed July 24, 2013).

Rahman makes two arguments in his Reply: (1) that further administrative exhaustion would be futile because his Unit Manager and former Inmate Services Manager have told him that the "re-affirmation regarding the State Court's intent" would not make any difference in the administrative decision unless the federal sentencing court (that's I) "corrected" its decision. (2) he renews his argument that he had ineffective assistance of counsel because he would not have changed his plea but for the promise that his sentence would run concurrently, and his attorney did not insist that the sentences run concurrently. With respect to the latter, he further argues that the Government concedes this point by not discussing it in the Response.

/ / /

/ / /

1

## I. ADMINISTRATIVE EXHAUSTION.

Making informal inquiry of a Unit Manager does not constitute exhaustion, nor is it sufficient that establish that exhaustion is futile. Furthermore, his inquiry did not address his "post-release credit" argument raised for the first time in the present Request.

More important is the point made in the original order, that this Court's judgment is not going to be amended or changed. Defendant's arguments about 18 U.S.C. §3584 and G.L. §5G1.3 are misplaced. The instant offenses are not the same crime for which he was serving his state sentence and he has no right to have the sentences run concurrently.

This Court may have the authority to change its original sentence and judgment, but it does not have the will or the intent to do so. Thus, this Court will not overturn the Bureau of Prison's time credit calculations. They have not been shown to be in error, nor has this Court's sentence been shown to be in error. Defendant Rahman chases a forlorn hope that has no basis, and his Request will be denied for that reason as well as his failure to exhaust his administrative remedies.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

This issue was adequately addressed in the original order and will not be further addressed except to emphasize that Defendant's claims that he would not have changed his plea but for a promise that his sentence would run concurrently, is directly contradicted by his own sworn statements to the Court at the time of sentencing.

IT IS THEREFORE ORDERED that Defendant Rahman's **Request for Clarification of Facts and Order for Appropriate Sentence Credit** (#189) is denied.

Dated: July 26, 2013.

_____
**Roger L. Hunt**
**United States District Judge**