# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:08-cr-00126-RLH-PAL |
| Plaintiff, | **O R D E R** |
| vs. | (Motions to Reopen Case to Determine Restitution and for Evidentiary Hearing (##251, 252, 253)) |
| NAJEEB RAHMAN, | |
| Defendant. | |

Before the Court are Defendant Najeeb Rahman's **Urgent Motion to Reopen This Case to Determine Restitution** (#251, filed Aug. 19, 2016), **Motion to Reopen Case To Determine Restitution Amount (7) Attachments to Filed Motion Dated 08-19-16** (#252, filed Aug. 30, 2016) and request for an evidentiary hearing (docketed as #253). The Court has also considered the United States' Response (#254, filed Sept. 6, 2016). Rahman did not file a reply.

## BACKGROUND

On January 12, 2010, Rahman was charged by a Second Superseding Indictment for violations relating to fraudulent transactions. (#88.) Pursuant to a plea agreement Rahman pleaded guilty to counts one and two of the Second Superceding Indictment. (#94.) Judgment was entered on June 7, 2010 and Rahman was ordered to pay $57,426.87 in restitution. (#128.) An Amended Judgment was entered on September 1, 2010 increasing the restitution amount to $67,469.79. (#141.) Finally, on June 25, 2015, Judgment was entered for revocation of Rahman's supervised release and he was ordered to pay the $45,371.79 "(Balance)" of his restitution obligation. (#248.)

**DISCUSSION**

Rahman now asks the Court to "reopen" his case and hold an evidentiary hearing to determine the "outstanding" amount of restitution he owes without identifying any authority that would entitle him to either request. To the extent that Rahman contends he should receive credit for privately negotiated payments with certain victims he provides no support for this position. 18 U.S.C. § 3664(o) states that "a sentence that imposes an order of restitution is a final judgment" and lists certain circumstances in which a sentence may subsequently be corrected, appealed, amended, or adjusted. None of those circumstances apply here. *See United States v. Tutterow*, No. 2:04-cv-01345-MMD, 2013 WL 1250832, at *2 (D. Nev. Mar. 27, 2013) ("[C]ourts have widely recognized that absent a Fed.R.Crim.P. 35 order amending a clerical mistake, or absent a reduction of restitution under § 3664(j)(2), district courts are generally without authority to remit restitution orders entered under the MVRA.").

Moreover, the Court agrees with the United States' position, as fully outlined in its Response, that Rahman has not offered proper proof of payments. *See United States v. Bush*, 252 F.3d 959, 962-63 (8th Cir. 2001). Rahman's exhibits #2 and #4 show alleged payments to victims before Rahman was even ordered to pay restitution. At the sentencing hearing, after considering evidence and Rahman's statement, the Court ordered him to pay $57,426.87 in restitution, which was later increased to $67,469.79. Finally, Rahman has received credit for proper payments he has made through the Clerk's office and was ordered to pay the $45,371.79 balance of his restitution obligation. Accordingly, the Court will deny Rahman's Motions.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendant Najeeb Rahman's **Urgent Motion to Reopen This Case to Determine Restitution** (#251) and **Motion to Reopen Case To Determine Restitution Amount (7) Attachments to Filed Motion Dated 08-19-16** (#252) and request for evidentiary hearing (#253) are **DENIED**.

Dated: September 22, 2016.

_____
**ROGER L. HUNT**
**United States District Judge**