# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

NAJEEB RAHMAN,

    Defendants.

Case No. 2:08-cr-00126-KJD-PAL

**ORDER**

    Presently before the Court is Defendant Najeeb Rahman's Motion to Reconsider Order (#256/261). The United States filed a response in opposition (#258).

**I. Background**

    Defendant was charged with multiple violations relating to fraudulent transactions by a Second Superseding Indictment on January 12, 2010. (#88). Defendant plead guilty to Fraudulent Transactions with an Access Devise Issued to Other Persons, in violation of 18 U.S.C. §§ 1029 (a)(5) and (b)(1), and to Aggravated Identity Theft, in violation of 18 U.S.C. §§ 1028A (a)(1) and (c)(4), on June 4, 2010. (#128). Restitution was ordered in the amount of $57,426.87. The order of restitution was later increased to $67,469.79 by an Amended Judgment entered on September 1, 2010. (#141). Defendant was ordered to pay the balance of his order of restitution, $45,371.79, on June 25, 2015, when judgment was entered revoking his supervised release. (#248). In August of 2016, Defendant

filed motions to Reopen Case to determine Restitution (#251, 252) and for an Evidentiary Hearing (#253). The Court denied these motions for a lack of support and for not offering proper proof of payment. (#255).

Defendant then filed the current motion to reconsider and for an evidentiary hearing. (#256/261).

**II. Analysis**

The Ninth Circuit has held that motions for reconsideration may be filed in criminal cases. *United States v. Hector*, 368 F. Supp. 2d 1060, 1063 (C.D. Cal. 2005), *rev'd on other grounds*, 474 F. 3d 1150 (9th Cir. 2007). Further, the Ninth Circuit has determined that possible sources of authority for reconsidering a nonjury case are Fed. R. Civ. P. 52(b) and 59(e). *U.S. v. Martin*, 226 F. 3d 1042, 1047 n. 6 (9th Cir. 2000). However, reconsideration is an "extraordinary remedy, to be used sparingly[.]" *Carrol v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). A motion for reconsideration should not be granted unless there are: unusual circumstances, newly discovered evidence, clear errors, or a change in the controlling law. *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Here, Defendant has not claimed an unusual circumstance, newly discovered evidence, an example of clear error, or a change in controlling law. Defendant requests this Court reconsider its order denying his previously filed motions without citing any authority or a valid reason for such an extraordinary remedy. Defendant argues that (1) he did not receive a copy of the Government's response (#254) and (2) that restitution was not mentioned when Defendant was sentenced for revocation of supervised release. (#256).

Defendant's claim of not having received a copy of the Government's response is not supported by the record. A written proof of service, as required under LCR 47-4, is included with the Government's response (#254) to Defendant's motions (##251, 252, 253). Further, attached to the Government's response (#258) to the present motion is a signed declaration (#258-1) by the paralegal who mailed the Government's response to Defendant.

The amount Defendant owes in his order of restitution is reflected throughout the record. The amount of Defendant's restitution was in his Plea Agreement (#247), and in the Judgment On Revocation (#248). Defendant agreed to make full restitution for his offenses in the amount determined by the Court, whether charged or uncharged, in exchange for the benefits he received under his Plea Agreement (#247 at 14). Further, Defendant knowingly and expressly waived the right to appeal any other aspect of his restitution in his Plea Agreement (#247 at 16). Therefore, Defendant has not met his burden justifying the extraordinary remedy of reconsideration.

**III. Conclusion**

IT IS HEREBY ORDERED that Defendant Najeeb Rahman's **Motion to Reconsider Order (#256/261)** is **DENIED WITH PREJUDICE.**

DATED this 27th day of June 2017.

_____
Kent J. Dawson
United States District Judge