UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                          Plaintiff,<br><br>    v.<br><br>NAJEEB RAHMAN,<br><br>                                          Defendant. | Case No. 2:08-cr-00126-KJD-PAL<br>            2:98-cr-00417-KJD-RJJ<br><br>**ORDER** |

Presently before the Court is Defendant's Motion for Request for Hearing for Clarification of Restitution (#267). The United States filed a response (#270), to which Defendant replied (#271/272/273). In addition, the Court granted the United States leave to file a surreply (#276), to which Defendant responded (#277).

I.      Factual and Procedural Background

In this district, Defendant has been convicted of fraud offenses and ordered to pay restitution on three separate occasions. In 1999, Case No. 2:98-cr-00417-KJD-RJJ, Defendant pled guilty to Fraud and Related Activity in Connection with Access Devices in violation of 18 U.S.C. § 1029(a)(5), and Money Laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i). (1998 #53).[1] Defendant was ordered to pay restitution in the amount of $247,594.42. (1998 #63). In 2010, Case No. 2:08-cr-00126-KJD-PAL, Defendant pled guilty to Fraudulent Transactions with Access Devices Issued to Other Persons in violation of 18 U.S.C. § 1029(a)(5) and (b)(1), and Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1). (2008 #141). Defendant was ordered to pay restitution in the amount of $67,469.79. Id. In 2015, Case No. 2:15-cr-00178-GMN-GWF, Defendant pled guilty to Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. §§ 1349, 1343, and 3147. (2015 #75). Defendant was ordered to pay restitution in the

---

[1] "1998 #" refers to the docket entry number of a document filed in Case No. 2:98-cr-00417-KJD-RJJ. "2008 #" refers to the docket entry number of a document filed in Case No. 2:08-cr-00126-KJD-PAL. "2015 #" refers to the docket entry number of a document filed in Case No. 2:15-cr-00178-GMN-GWF.

amount of $185,000. Id.

On June 28, 2023, Defendant filed this motion for clarification of restitution, arguing that he owes no restitution in case 2:98-cr-00417-KJD-RJJ and that restitution has been fully paid in case 2:08-cr-00126-KJD-PAL. (2008 #267).

II.   Analysis

**A. 2:98-cr-00417-KJD-RJJ**

Defendant argues his obligation to pay restitution in case 2:98-cr-00417-KJD-RJJ has expired and now asks this Court to issue an order stating as such. (2008 #271). 18 U.S.C. § 3613(b) states: "The liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person ordered to pay restitution." Defendant's final release from prison in this case occurred on July 24, 2003. (1998 #105). Therefore, Defendant's obligation to pay restitution terminated on July 24, 2023. As Defendant's obligation to pay restitution no longer exists in this case, his request for clarification of restitution is denied as moot.

**B. 2:08-cr-00126-KJD-PAL**

Defendant also argues that an evidentiary hearing should be held to determine how much restitution is remaining in case 2:08-cr-00126-KJD-PAL. (2008 #271). Defendant further argues that one of the victims, Syed Javed Umer ("Syed"), has been paid in full and that several victims have attempted to contact the U.S. Attorney's Office and U.S. Probation Office to inform them they are no longer seeking restitution. Id. As evidence that restitution payments have been made, Defendant's Reply includes six exhibits—affidavits from Garbrelle Olive, Octavio Morales, and Syed Umer, a $20,000 Cashier's Check, and an America Express statement.[2] (2008 #271, at 6-11). Previously, in 2016, the Court ruled that the American Express statement and affidavits from Garbrelle Olive, Octavio Morales, and Syed Umer were insufficient to establish proper proof of restitution payments. (2008 #255). Defendant now attempts to re-offer these exhibits as proof of restitution payments and argues that an evidentiary hearing must be held to allow

---

[2] Defendant's Reply (#271) contained two affidavits from Syed; one of the affidavits, dated October 14, 2014, was already addressed in a prior Order from this Court (2008 #255).

himself, and victims, the opportunity to explain the "logistics" of how these payments were made. (2008 #271, at 2-4). The Court finds this argument unpersuasive and declines to revisit its prior decision on this issue.

The newest exhibit, Syed's second affidavit, list payments Syed has purportedly received from Defendant and the U.S. Treasury. Id. at 11. Defendant's supplemental reply contains an updated affidavit from Syed and argues that this new affidavit is direct evidence that he has fulfilled his restitution obligation to Syed. (2008 #272). In its surreply, the United States argues that Syed's updated affidavit is insufficient proof that Defendant has satisfied his restitution obligation. (2008 #276, at 2). The United States further argues that proper proof would be objective evidence of payments by Defendant to Syed, such as cancelled checks, cashier's checks, money orders, or corroborating bank statements. Id. In response, Defendant submitted two bank statements, a cancelled check, and two Zelle payment confirmations as evidence that $16,000 has been paid to Syed. (2008 #277, at 5-10).

After reviewing Defendant's exhibits, the Courts finds that they are insufficient to establish proper proof of restitution payments. "A defendant ordered to make restitution is not entitled to credit if he fails to offer proper proof of his repayments." United States v. Webb, No. CR-10-1071-1-PHX-JAT, 2014 WL 2153954, at *4 (D. Ariz. May 15, 2014). Here, the contents and overall quality of the documents gives the Court pause as to their overall authenticity. (See 2008 #277, at 5-10). First, the bank statements themselves show very little transaction information, and the alleged $2,000 Zelle payment to Kamran Syed does not appear in the bank statements. Id. Second, Syed's Zelle phone number, 866-224-2158, listed on Defendant's bank statements, does not match the phone number listed on the payment confirmation. Id. And third, the date on the check—November 24, 2021—does not match the date on the bank statement—October 04, 2021. Id. In light of these discrepancies, the Court finds that Defendant has failed to offer proper proof of his repayments.

III.     Conclusion

Accordingly, **IT IS THERFORE ORDERED** that Defendant's Motion for Request for Hearing for Clarification of Restitution (#267) is **DENIED**.

As Defendant's obligation to pay restitution no longer exists in case 2:98-cr-00417-KJD-RJJ, **IT IS FURTHER ORDERED** that Defendant's Motion for Request for Hearing for Clarification of Restitution (#147) in case 2:98-cr-00417-KJD-RJJ is **DENIED** as moot.

Dated this 18th day of October 2023.

_____
Kent J. Dawson
United States District Judge